# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED
March 12, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JONAH O. ELKINS JR.,**
**Claimant Below, Petitioner**

**vs.)    No. 12-1217** (BOR Appeal No. 2047109)
                    (Claim No. 980044502)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**MONTERRA DEVELOPMENT CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jonah O. Elkins Jr., by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Brandolyn N. Felton, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 21, 2012, in which the Board affirmed an April 4, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 15, 2011, decision which denied a request to add herniated lumbar disc and unspecified back disorder, facet joint condition, as compensable components of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Elkins, a construction foreman, sustained an injury to his lower back in the course of his employment while he was lifting a roll of carpet. His claim was held compensable for lumbosacral strain. In a letter written on January 5, 1999, Jerry Day, M.D., stated that Mr. Elkins underwent an MRI which showed disc desiccation with central bulging at L5-S1. He found no evidence of a distinct herniation. In his treatment notes, R. M. Bellam, M.D., indicated that Mr. Elkins suffered from a chronic lumbosacral sprain that caused continuous lower back pain. Mr. Elkins underwent an MRI on March 9, 2007, which showed a mild disc herniation at L3-4 as well as moderate degenerative disc disease at L5-S1.

Mr. Elkins was referred to Panos Ignatiadis, M.D., in 2008. In his treatment note, Dr. Ignatiadis opined that Mr. Elkins's symptoms were related to his compensable injury. He was also referred to Richard Bowman II, M.D., who also found that the lumbar disc herniation was related to the compensable injury. In addition, Dr. Bowman determined that the compensable injury had caused Mr. Elkins to develop a facet joint condition. Accordingly, he requested that the conditions be added to the claim. On September 9, 2011, a lumbar spine MRI revealed degenerative disc disease at L4-5 and L5-S1. The claims administrator denied the request to add herniated lumbar disc and unspecified back disorder, facet joint condition, as compensable components of the claim on September 15, 2011.

The Office of Judges affirmed the claims administrator's decision in its April 4, 2011, Order. It found that a review of the medical evidence failed to establish that Mr. Elkins's herniated disc developed as the result of his compensable injury. Specifically, Dr. Day's report indicated that at that point in time, Mr. Elkins had no distinct herniation. Nine years later, an MRI revealed a herniated disc at L3-4. The Office of Judges found that Dr. Bellam determined Mr. Elkins had a herniated L3-4 disc, but he failed to connect the herniation to the compensable injury, especially given that Mr. Elkins had degenerative changes in his spine at that time. Dr. Bowman's report was also found to be unpersuasive to establish the necessary causal connection between the disc herniation and the compensable injury. Dr. Bowman requested that the condition be added to the claim but failed to provide a persuasive explanation as to why Mr. Elkins's development of a herniated disc nine years later was related to his compensable injury. He also failed to comment on the presence of degenerative changes, and if that could have caused the disc herniation. The Office of Judges concluded that Mr. Elkins had degenerative changes in his spine as established by MRIs taken in 2007, 2008, and 2011. It found that the reports of Drs. Bellam, Bowman, and Ignatiadis failed to provide sufficient justification to establish that the disc herniation nine year later was caused by the compensable injury.

The Office of Judges also determined that Dr. Bowman's findings and recommendation that facet joint condition be added as a compensable component of the claim were not persuasive to establish the necessary causal connection. The treatment was requested eleven years after the compensable injury. Dr. Bowman failed to provide a specific nexus between Mr. Elkins's facet pain and his compensable injury. The Office of Judges discovered that a record review revealed that Mr. Elkins had consistent lower back pain, but there was no mention of a diagnosis of facet joint pain until 2009.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its September 21, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. The evidence fails to establish that Mr. Elkins's compensable injury caused him to develop a herniated disc and a facet joint condition nine years later. The decision of the Board of Review is supported by the evidentiary record.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   March 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3